```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TAMEEKA DILLON                                  )
                                                )       COMPLAINT
                        Plaintiff,              )
                                                )       JURY TRIAL DEMANDED
        -against-                               )
                                                )       ECF Case
THE CITY OF NEW YORK and                        )              08cv-03337
POLICE OFFICER JOHN DOE,                        )
                                                )
                        Defendants.             )
-----------------------------------------------------------------X
```

THIS ACTION IS ASSIGNED TO JUDGE BUCHWALD

## **PRELIMINARY STATEMENT**

1.      This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and by the United States Constitution, including its Fourth and Fourteenth Amendments.  The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## **JURISDICTION**

2.      This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983.  Jurisdiction is conferred upon this court by 42 U.S.C. § 1983, and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

## **JURY TRIAL DEMANDED**

3.      Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

4.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## PARTIES

5.      Plaintiff TAMEEKA D. DILLON is a citizen of the County of Kings, City and state of New York..

6.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by them.

7.      Defendant JOHN DOES  are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK.  The afore named defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties .Upon information and belief, they were performing a patrol function, that is patrolling the streets in the vicinity of 108th Street and Sutphin Boulevard in the County of

Queens, City and state of New York when they stopped the plaintiff for the incident complained of.

## STATEMENT OF RELEVANT FACTS

8. On July 23rd, 2007 at approximately 12:00 noon the plaintiff TAMEEKA D. DILLON was driving an automobile at or near the intersection of 108th Street and Sutphin Boulevard, County of Queens, City and state of New York. She was by herself at the time and stopped at a traffic control device. The vehicle she was driving was lawfully leased or otherwise possessed by her mother She was driving said automobile with the permission of her mother. .The plaintiff was committing no crime or vehicle and traffic offense and was not in the possession of any contraband..

9. Plaintiff was approached by defendant Police Officer John Doe, who falsely stated that she was talking on a cell phone. The plaintiff was ordered out of her car and placed under arrest .

10. During the course of her arrest the plaintiff was handcuffed, taken to a police precinct, then later to Queens Central Booking and finally to Queens Criminal Court located at 125-01 Queens Boulevard in Kew Gardens, NY. Several other police officers, whose names are unknown to the plaintiff, took part in the handcuffing and custodial arrest of the plaintiff, which included a search of her person, questioning and loss of her liberty for about twenty four hours.

11.     Plaintiff was arrested. It is not known what charge or charges the police thought they could bring against the plaintiff since (1) she was in lawful possession of the car she was driving (2) she was not violating any laws by the operation of her automobile, which was stopped when she was approached by the police and (3) there was no contraband in her car. She possessed a valid licence to drive an automobile.

12.     During the course of her arrest processing, this matter was assigned arrest number Q07642037. Upon information and belief, one or more individuals employed by the Queens County District Attorneys Office reviewed the facts of this matter and their office declined prosecution of the plaintiff..

13. Plaintiff was provided with written documentation of the fact that the Queens District Attorney's Office declined prosecution of this matter by Robert Schelisinger of that office. The plaintiff was never arraigned before a judge and upon information and belief, no criminal court complaint or docket number was ever assigned or prepared in connection with this matter..

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

14. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

16. By their conduct and actions in falsely arresting and imprisoning the plaintiff d for

about twenty four hours and by failing to intervene to prevent the complained of conduct, defendants JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

17. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### LIABILITY OF THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

18. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

19. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

20. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to

inform the individual defendants' supervisors of their need to train, screen, supervise or discipline defendants JOHN DOE and DOES. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

21..As a result of the foregoing, plaintiff was deprived of liberty, suffered bodily and emotional injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

**THIRD CLAIM**

**SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §§ 1981 AND 1983**

22. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

23. By their conduct in failing to remedy the wrongs committed by defendants DOES, and in failing to properly train, supervise, or discipline defendants DOES, supervisory defendants DOES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. § 1983, and the United States Constitution, including its Fourth and Fourteenth Amendments.

24.. As a result of the foregoing, plaintiff was deprived of liberty, suffered bodily and emotional injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Pre- and post-judgment costs, interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    Brooklyn, NY
July 22, 2008.

                                         Signed
                                     MICHAEL COLIHAN
                                     Attorney for Plaintiff
                                     44 Court Street Rm 911
                                     Brooklyn, NY 11201
                                     (718) 488-7788